[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MORANDUM OF DECISION RE: MOTION TO STRIKE (#108)
This is a wrongful in death action commenced by the plaintiffs, Denis Maloney administrator for the estate of Robert S. Grazul, and Alicia Grazul, widow of the decedent, against four defendants, Julian Montague, Gunther's Leasing Transport, Inc., Gregory J. Ferreira ("Ferreira") and Overnight Transportation Company ("Overnight").
Ferreira and Overnight have moved to strike the tenth through eighteenth counts of the plaintiffs' Amended Complaint. For the reasons set forth below, the motion to strike is denied. CT Page 6081
 I. Background
According to the Amended Complaint dated December 26, 2000, on May 24, 2000 at approximately 12:55 a.m., Ferreira was operating a tandem tractor trailer for Overnight on Interstate 95. While traveling near exit 44, Ferreira lost control of the tandem tractor trailer which thereafter spun and overturned in the roadway causing a large quantity of fuel to spill and further causing portions of the roadway to be blocked to travel. At about 5:19 a.m., near I-95 exit 43, Robert Grazul was slowed and stopped in traffic created by the roll-over and fuel spill when a different tractor trailer collided with the truck immediately behind Grazul's vehicle, which in turn collided with the rear of Grazul's vehicle resulting in his death.
The counts of the Amended Complaint addressed by the motion to strike are as follows: Tenth Count (negligence as to Ferreira), Eleventh Count (General Statutes § 14-295 recklessness as to Ferreira), Twelfth Count (common law recklessness as to Ferreira), Thirteenth count (loss of consortium as to Ferreira), Fourteenth Count (loss of consortium §14-295 as to Fereira), Fifteenth Count (loss of consortium common law recklessness as to Ferreira), Sixteenth Count (vicarious liability as to Overnight), Seventeenth Count (negligence as to Overnight) and Eighteenth Count (loss of consortium as to Overnight).
 II Discussion
1. Failure to Cite § 52-555
The defendants assert that although counts ten through eighteen of the Amended Complaint allege wrongful death, they have not been brought pursuant to the wrongful death statute, General Statutes § 52-555. They therefore move to strike the tenth through eighteenth counts for failure to comply with Practice Book § 10-3. Our Supreme Court has ruled that the provisions of Practice Book § 10-3 (which requires of that any claim grounded in a statute cite the statute involved) are directory rather than mandatory. Hanover v. Fireman's Fund Ins. Co.,217 Conn. 340, 345 (1991).
Accordingly, absent any showing that a party has been misled, and there has been no such showing here, the motion to strike on this ground must be denied. CT Page 6082
2. Eleventh Count
The eleventh cont seeks double or treble damages pursuant to General Statutes § 14-295.
The defendants attack this count on two grounds. First they assert that there are insufficient facts alleged to state a cause of action for exemplary damages pursuant to § 14-295. Second, that the allegations are insufficient to show that Ferreira's actions were a substantial factor in causing the decedent's death.
General Statutes § 14-295 provides, in part:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with recklessness disregard operated a motor vehicle in violation of section 14-218a, . . . 14-222 . . . and that such violation was a substantial factor in causing such injury, death or damage to property.
The plaintiffs in the eleventh count allege that Ferreira deliberately or recklessly operated the tandem tractor trailer at an unreasonable rate of speed in violation of § 14-218a and in a reckless and dangerous manner in violation of § 14-222.
The defendants assert that the Amended Complaint merely alleges unreasonable speed and reckless driving and is therefore insufficient to support a claim for exemplary damages under § 14-295.
There currently exists a split of authority in the Superior Court as to whether a plaintiff need only allege violation of one of the enumerated motor vehicle statutes in order to make out a cause of action under § 14-295, or must plead facts sufficient to support a recklessness claim at common law. Compare Landers v. Schwartz, Superior Court, judicial district of Hartford, Docket No. 595398 (September 19, 2000, Rubinow, J.) (28 Conn.L.Rptr. 147) (allegation of violation of enumerated statute sufficient), and Adams v. Champagne, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061154 (May 27, 1998, Corradino, J.) (22 Conn.L.Rptr 241) (factual allegations to support recklessness required).[1] In the present case, however, even adopting the fact pleading view, the eleventh count is sufficient. The eleventh count contains more than a bare allegation of violations of § 14-218a
CT Page 6083 and § 14-222. The count asserts that Ferreira operated the tandem tractor trailer in excess of the twelve hour driving limit prescribed by General Statutes § 14-274 and when his alertness was impaired due to fatigue or illness. In such a condition, operating such a vehicle at an unreasonable speed is a sufficient factual allegation of recklessness to state a cause of action under § 14-295.
The defendant also claims that the eleventh count does not adequately plead that Ferreira's conduct was a substantial factor in causing the decedent's death. For purposes of a motion to strike, the moving party admits all facts well pleaded. R K Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2 (1994). Moreover, the court must construe the facts in the complaint most favorably to the plaintiff. Faulkner v.United Technologies, 240 Conn. 576, 580 (1997). When viewed from this perspective, the eleventh count adequately alleges causation.
The motion to strike the eleventh count must be denied.
3. Twelfth Count
The twelfth Count alleges common law recklessness as to Ferreira. The defendants claim that these allegations are factually insufficient. For the reasons set forth above regarding the application of § 14-295, the court finds the factual allegations are sufficient to plead a reckless cause of action.
The motion to strike the Twelfth Count must be denied.
4. Thirteenth. Fifteenth and Eighteenth Counts
The Thirteenth Count alleges loss of consortium against Ferreira based on negligence. The Fifteenth Count alleges loss of consortium against Fereira based on recklessness. The Eighteenth Count alleges loss of consortium against Overnite based on negligence.
The defendants claim that these counts are legally defective because they do not expressly cite to the loss of consortium statute, General Statutes § 52-555a. As discussed above with respect to the wrongful death statute, the Practice Book requirement that a statutory cause of action cite the statute relied upon is directory. Hanover v. Fireman's Fund Ins. Co., supra, 217 Conn. 345.
The defendants also claim that the Fifteenth Count alleging recklessness based on loss of consortium is defective because it does not set forth sufficient facts to support a recklessness cause of action. For the reasons earlier discussed, the court finds the allegations adequate. CT Page 6084
The motion to strike the Thirteenth, Fifteenth and Eighteenth Counts must be denied.
5. Fourteenth Count
The Fourteenth Count seeks double or treble damages for loss of consortium under § 14-295. The defendants claim that loss of consortium may not serve as a basis for recovery under § 14-295.
The applicability of § 14-295's double or treble damages provisions to loss of consortium claims has not been ruled upon by our Supreme Court or Appellate Court. The Superior Court decisions are split. In this court's view, the cases permitting recovery are more persuasive. See e.g. Giampietro v. McGinley, 1998 WL 376009 (Oct. 8, 1997, Moran, J.);Paternostro v. Phelan, 17 Conn.L.Rptr No. 9320 (Superior Court Judicial District of Waterbury Docket No. 129073 (McLachlan, J.); Shabazz v.Price, 11 Conn.L.Rptr. 331, 334 (1994) (Hodgson J.); Ammerman v.Johnson, 15 Conn.L.Rptr 299, 301 (1995) Vertefeuille, J)[2]
The motion to strike the Fourteenth Count must be denied.
 Conclusion
For the reasons set forth above, the defendant's motion to strike the Tenth Count through Fourteenth Count of the Amended Complaint is denied.
So Ordered at New Haven, Connecticut this 22nd day of May 2001.
Devlin, J.